IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – NEWARK

| | |
|---|---|
| ANTONIO & LESLIE DeMARTINO<br>217 BAKER AVENUE<br>WESTFIELD, NJ  07090<br>　　　　Plaintiff(s)<br><br>　　v.<br><br>ELECTROLUX HOME PRODUCTS, INC.<br>250 BOBBY JONES EXPRESSWAY<br>MARTINEZ, GA  30907<br>　　　　Defendant(s) | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiffs, Antonio and Leslie DeMartino, by and through undersigned counsel, hereby demand judgment against defendant, and complain against it as follows:

### PARTIES

1. The above-captioned Antonio and Leslie DeMartino (hereinafter "plaintiffs") were, at all times relevant hereto, New Jersey citizens and the owners and occupants of the residential property located at the above-captioned address.

2. At all times relevant hereto, Defendant Electrolux Home Products, Inc. (hereinafter "Electrolux") was, upon information and belief, a Georgia corporation with its primary place of business at the above-captioned address, and was authorized to do business within the State of New Jersey; upon information and belief, Electrolux is in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing appliances such as, *inter alia*, the dehumidifier that is the product at issue in this case.

## JURISDICTION AND VENUE

3.  Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

4.  Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

5.  Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

6.  On May 21, 2011, a fire occurred at the plaintiffs' property, causing extensive damage to their real and personal property, as well as the imposition of additional expenses and hardship besides; this fire was directly and proximately caused by a malfunction of the above-mentioned dehumidifier as is further and more fully described below.

## COUNT I – NEGLIGENCE

7.  Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

8.  Electrolux owed a duty of reasonable care to plaintiffs in regard to the manufacture, assembly, design, inspection, marketing, and distribution, *inter alia*, of the dehumidifier.

9.  The aforementioned damages were the direct and proximate result of the negligence, carelessness, and/or other unlawful conduct of Electrolux, by and through its

employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a.    failing to exercise reasonable care in the following manner:

        i.    failing to manufacture, assemble, sell, design, distribute and/or market a properly functioning dehumidifier;
        ii.    failing to properly inspect, manufacture, distribute and/or test the dehumidifier;
        iii.    failing to properly determine that the dehumidifier was not in compliance with applicable standards; and/or
        iv.    manufacturing, marketing, distributing and/or selling the dehumidifier when Electrolux knew or should have known that the dehumidifier would be inadequate for the reasons for which it was purchased.

    b.    failing to adequately instruct and supervise its employees (etc., as above) so as to avoid the problems set forth in subparagraph (a) above;

    c.    failing to adequately warn plaintiffs and others of the dangers and hazardous conditions resulting from the careless and negligent conduct set forth in subparagraph (a) above;

    d.    failing to provide, establish, and/or follow proper and adequate control so as to avoid the problems listed in subparagraph (a) above;

    e.    failing to perform the services set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards;

    f.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action; and/or

    g.    otherwise acting negligently under the circumstances.

10.    As a direct and proximate result of Electrolux's aforementioned actions, and/or omissions, it acted negligently or otherwise unlawfully, and is therefore liable to the plaintiffs for the damages they suffered.

**WHEREFORE**, plaintiffs respectfully request judgment against Electrolux in an amount in excess of $100,000.00, plus costs incident to this suit, delay damages, damages for interference with enjoyment of real property, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF WARRANTIES

11. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

12. In conjunction with the design and manufacture, *inter alia*, of the dehumidifier, Electrolux expressly and impliedly warranted that the dehumidifier would be free from defects and safe to use for its intended purpose; plaintiffs relied upon the warranties put forth by Electrolux, to their detriment.

13. Based upon the aforementioned careless and negligent conduct on the part of Electrolux as set forth in Count I, Electrolux breached these warranties.

14. Furthermore, based upon the fact that that the dehumidifier was not free of defects, was not of merchantable quality, and was not fit for the purposes for which intended, Electrolux breached the aforementioned warranties.

15. Plaintiff had and has performed all conditions precedent to recover based upon such breaches.

16. Plaintiffs' damages, as described above, occurred as a direct and proximate result of, *inter alia*, Electrolux's breach of its implied warranties of fitness for a particular purpose and merchantability, and as a result of Electrolux's breach of its expressed warranties, as well as the express and implied warranties set out in the warranties plaintiffs enjoy by law, or that they purchased at the time of buying the dehumidifier, and/or any time prior or subsequent thereto.

**WHEREFORE**, plaintiffs respectfully request judgment against Electrolux in an amount in excess of $100,000.00, plus costs incident to this suit, delay damages, damages for interference with enjoyment of real property, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

<b>COUNT III – STRICT LIABILITY</b>

17. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

18. Electrolux is engaged, and at all times relevant hereto was engaged, in the business of designing, assembling, manufacturing, distributing, *inter alia,* dehumidifiers, and, specifically, the dehumidifier at issue in this case.

19. Electrolux designed, assembled, manufactured, and/or distributed the dehumidifier in a defective condition, unreasonably dangerous to plaintiffs and their property.

20. Electrolux knew or should have known that the dehumidifier would, and did, reach the plaintiffs without substantial change in the condition in which originally selected and sold.

21. The aforementioned defects consisted of:

      (a)    design defects;
      (b)    manufacturing defects;
      (c)    component defects;
      (d)    use-instruction and/or warnings defects; and/or
      (e)    a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

22.     For these reasons, Electrolux is strictly liable to plaintiffs under Section 402A of the Restatement (2d) of Torts and other applicable law of the State of New Jersey.

23.     As a direct and proximate result of the aforementioned defects, plaintiffs sustained and incurred damage to their real and personal property, along with the imposition of additional expenses and hardship besides, in an amount in excess of $100,000.00.

**WHEREFORE**, plaintiffs respectfully requests judgment against Electrolux in an amount in excess of $100,000.00, plus costs incident to this suit, delay damages, damages for interference with enjoyment of real property, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**NELSON LEVINE de LUCA & HAMILTON, LLC**

BY: DJDL 5957
DANIEL J. de LUCA
ATTORNEYS FOR PLAINTIFFS,
ANTONIO & LESLIE DeMARTINO
Attorney I.D. No. 03845-1994
518 Township Line Road, Suite 300
Blue Bell, PA  19422
(215) 358-5100; (215) 358-5171
ddeluca@nldhlaw.com

Dated: October 22, 2012